**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

PRECISION METALS CORP., ANTHONY C. FIGLOZZI, and THOMAS J. FIGLOZZI,

Plaintiffs,

v.

U.S. DEPARTMENT OF DEFENSE, LLOYD J. AUSTIN III, in his official capacity as the Secretary of Defense, U.S. DEPARTMENT OF THE AIR FORCE, FRANK KENDALL, in his official capacity as the Secretary of the Air Force, DEFENSE LOGISTICS AGENCY, MICHELLE C. SKUBIC, in her official capacity as the Director of the Defense Logistics Agency, JON L. LIGHTNER, in his official capacity as the Special Assistant for Contracting Integrity of the Defense Logistics Agency, and THE UNITED STATES OF AMERICA,

Defendants.

Civil No. ________

**ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Upon the application of Plaintiffs Precision Metals Corp., Anthony C. Figlozzi, and Thomas J. Figlozzi (collectively, "Plaintiffs"), by its counsel, Pillsbury Winthrop Shaw Pittman LLP, the Declaration of Richard P. Donoghue, Esq. in Support, the Complaint and exhibits attached thereto, Memorandum of Law in Support:

IT IS HEREBY ORDERED, that the above-captioned defendants U.S. Department of Defense, Secretary Lloyd J. Austin III, Department of the Air Force, Secretary Frank Kendall, Defense Logistics Agency, Director Michelle C. Skubic, Special Assistant Jon L. Lightner, and the United States of America (collectively, "Defendants") shall appear and show cause before the Honorable ________, United States District Judge, in Courtroom ___, of the United States

Courthouse located at 100 Federal Plaza, Central Islip, NY 11722 on _____________, or as soon thereafter as counsel can be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Defendants during the pendency of this action as follows:

1. Defendants' April 21, 2022 Debarment Decisions against Plaintiffs are hereby vacated and set aside; and
2. Plaintiffs' Debarment status under the System for Award Management shall be immediately removed; and
3. Defendants shall be enjoined from proposing Plaintiffs for debarment or debarring Plaintiffs while these proceedings are pending.

IT IS FURTHER ORDERED, that sufficient cause having been shown, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants are temporarily restrained and enjoined as follows:

1. Defendants' April 21, 2022 Debarment Decisions against Plaintiffs are hereby vacated and set aside; and
2. Plaintiffs' Debarment status under the System for Award Management shall be immediately removed; and
3. Defendants shall be enjoined from proposing Plaintiffs for debarment or debarring Plaintiffs while these proceedings are pending.

IT IS FURTHER ORDERED that the Plaintiffs are not required to provide an undertaking in support of the restraining order.

IT IS FURTHER ORDERED that personal service of a copy of this Order and the above-referenced Declarations, Memorandum of Law and Complaint, with exhibits attached thereto,

upon Defendants or their respective counsel on or before ____, 2022 at ___ am/pm shall be deemed good and sufficient service thereof.

IT IS FURTHER ORDERED that Defendants shall file and serve any and all papers in opposition to the within application via the Court's efiling system by no later than _________, 2022.

IT IS FURTHER ORDERED that Plaintiffs shall file and serve any and all reply papers in support of the within application via the Court's efiling system by no later than _________, 2022.

IT IS FURTHER ORDERED that Defendants shall file and serve a responsive pleading to the Complaint via the Court's efiling system by __________, 2022 and Defendants' failure to do so may result in a judgment by default being rendered against Defendants.

Dated: Central Islip, New York

____________________, 2022

**SO ORDERED**

____________________________

United States District Judge