**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PRECISION METALS CORP., ANTHONY C. FIGLOZZI, and THOMAS J. FIGLOZZI,<br><br>Plaintiffs,<br>v.<br><br>U.S. DEPARTMENT OF DEFENSE, LLOYD J. AUSTIN III, in his official capacity as the Secretary of Defense, U.S. DEPARTMENT OF THE AIR FORCE, FRANK KENDALL, in his official capacity as the Secretary of the Air Force, DEFENSE LOGISTICS AGENCY, MICHELLE C. SKUBIC, in her official capacity as the Director of the Defense Logistics Agency, JON L. LIGHTNER, in his official capacity as the Special Assistant for Contracting Integrity of the Defense Logistics Agency, and THE UNITED STATES OF AMERICA,<br><br>Defendants. | Civil No. ________<br><br>DECLARATION OF RICHARD P. DONOGHUE IN SUPPORT OF PLAINTIFFS' PROPOSED ORDER TO SHOW CAUSE |

**DECLARATION OF RICHARD P. DONOGHUE IN SUPPORT OF PLAINTIFFS' PROPOSED ORDER TO SHOW CAUSE**

I, Richard P. Donoghue, declare as follows:

1. I am a member of the Bar of this Court and a Partner of Pillsbury Winthrop Shaw Pittman LLP, attorneys for Plaintiffs Precision Metals Corp. – a Service-Disabled Veteran-Owned Small Business – Anthony C. Figlozzi, and Thomas J. Figlozzi.

2. I submit this Declaration in support of Plaintiffs' Order to Show Cause seeking preliminary and permanent injunctive relief from the Department of Defense's ("DoD") recent Debarment Decisions, pending the resolution of this case.

3. A Complaint is being filed simultaneously with the instant Order to Show Cause.

4. This application is being brought by Order to Show Cause rather than by Notice of Motion because Plaintiffs will suffer substantial irreparable harm if an injunction is not issued swiftly, including the layoffs of 42-hardworking Long Islanders and the imminent closure of Plaintiffs' business, which was founded approximately 35-years ago.

5. As more fully set forth in the accompanying Memorandum in Support of the Order to Show Cause and supporting exhibits, Precision Metals Corp. faces immediate and irreparable injury before Defendants can be heard in opposition to this Order to Show Cause; specifically, DoD's recent Debarment Decisions, which rendered Plaintiffs ineligible for any U.S. Government contracts and most subcontracts, places Plaintiff Precision Metals Corp. in imminent danger of being forced to lay-off its valued 42 employees and to close its doors to business permanently. Plaintiffs Thomas and Anthony Figlozzi similarly will lose their sole means to support themselves and their families.

6. Plaintiffs are contemporaneously informing Defendants that it will be filing an Order to Show Cause seeking injunctive relief and will forward copies of all papers in support of the Order to Show Cause by email to counsel for Defendants as they are filed.

7. Defendants will not suffer any legally cognizable harm from the issuance of a Temporary Restraining Order and a Preliminary Injunction ("TRO/PI") enjoining the Debarment Decisions.

8. A request for the relief requested in the proposed Order to Show Cause for a TRO/PI recently was made in an action before the United States District Court for the District of Columbia (Precision Metals Corp. et al v. United States et al., Case No. 1:22-cv-01586-BAH). However, that court set forth an elongated briefing schedule consolidating Plaintiffs' emergency request for a TRO/PI with the merits, which had the effect of delaying consideration and, in turn,

relief for many months. Plaintiffs decided to voluntarily dismiss the case without prejudice and filed in this District. No substantive ruling was issued by that court.[1]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 27, 2022

Respectfully submitted,

/s/ Richard P. Donoghue
Richard P. Donoghue

---

[1] Plaintiffs initially filed this lawsuit in the U.S. District Court for the District of Columbia and sought an immediate hearing on its Application for a Temporary Restraining Order and Preliminary Injunction ("TRO/PI") to prevent the substantial and irreparable harm to Plaintiffs, including layoffs of 42-hardworking employees and business closure, that would result from Defendants' actions in violation of the APA and Plaintiffs' Constitutional Due Process rights. Despite Plaintiffs' request for expeditious review, the D.C. District Court decided to "consolidate" Plaintiffs' request for TRO/PI and merits into one elongated five-month briefing schedule with no scheduled hearing. *See* Min. Order (June 12, 2022) ("To ***conserve limited judicial resources, given competing demands of significant civil and criminal caseloads***, and also provide expeditious review of the merits of the pending claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq., consolidation of plaintiffs' request for extraordinary preliminary injunctive relief and any dispositive motions is warranted. . . . Thus, consideration of plaintiffs' motion for preliminary injunctive relief in tandem with any dispositive motions ***will promote judicial efficiency*** by allowing the Court to resolve this dispute with review of the administrative record in connection with a single round of briefing") (emphases added).

Upon Plaintiffs asking the Court to reconsider this schedule, the Court denied the request to consider the TRO/PI request on an expedited basis and set the consolidated schedule at approximately three months with no scheduled hearing. *See* Min. Order (June 21, 2022) ("Consolidation of plaintiffs' request for extraordinary injunctive relief and any dispositive motions is warranted both to ***conserve limited judicial resources*** and provide expeditious resolution of the merits of plaintiffs' claims based on a single round of briefing and review of the administrative record."). Plaintiffs do not believe that they will be in business by the time the Court intended to consider their requests; indeed, at the time of this filing, Plaintiffs are in the process of planning their first round of employee layoffs. For these reasons and because of the convenience of this forum to Plaintiffs who are located in this District, Plaintiffs voluntarily dismissed that action and re-filed in the Eastern District of New York simply so that they can at least have the opportunity to have their case heard before it is too late and they are out of business. Before dismissing and filing in this district, Plaintiffs conferred with counsel for Defendants on multiple occasions who opposed Plaintiffs' requests to expeditiously brief Plaintiffs' Application for a TRO/PI and similarly declined to agree to a joint stipulation of dismissal.