FILED
CLERK
7/8/2022 4:52 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PRECISION METALS CORP.,
ANTHONY C. FIGLOZZI, and
THOMAS J. FIGLOZZI,

Plaintiffs,

-against-

**TEMPORARY RESTRAINING ORDER**
22-CV-3761(JS)(ARL)

U.S. DEPARTMENT OF DEFENSE,
LLOYD J. AUSTIN III, in his official capacity as the Secretary of Defense,
U.S. DEPARTMENT OF THE AIR FORCE,
FRANK KENDALL, in his official capacity as the Secretary of the Air Force, DEFENSE LOGISTICS AGENCY, MICHELLE C. SKUBIC, in her official capacity as the Director of the Defense Logistics Agency,
JON L. LIGHTNER, in his official capacity as the Special Assistant for Contracting Integrity of the Defense Logistics Agency, and
THE UNITED STATES OF AMERICA,

Defendants.
----------------------------------X
APPEARANCES

For Plaintiff: Richard P. Donoghue, Esq.
J. Matthew Carter, Esq.
Todd J. Canni, Esq.
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, New York 10019

For Defendant: Christopher A. Eiswerth, Esq.
U.S. Department of Justice
Federal Programs Branch
1100 L Street, NW, Suite 12310
Washington, D.C. 20005

SEYBERT, District Judge:

Plaintiffs Precision Metals Corp. (the "Company" or "Precision"), Anthony C. Figlozzi ("Tony"), and Thomas J. Figlozzi ("Thomas" and together with the Company and Tony, the "Plaintiffs') commenced this action seeking immediate relief from the alleged unlawful debarments recently imposed on them by Defendant Department of Defense ("DoD") DoD, acting through Defendants the Secretary of Defense, the Department of Air Force, the Secretary of the Air Force, the Defense Logistics Agency ("DLA"), DLA's Director, and DLA's Special Assistant for Contracting Integrity (i.e., its Suspension and Debarment Official ("SDO")) (collectively referred to as the "DoD" or "Defendants"). (See Compl. Count III, ECF No. 1.) Plaintiffs allege the Debarment Decisions at issue constitute final agency actions that were arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, and contrary to law and regulation, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq., and Plaintiffs' constitutionally protected due process rights under the Fifth Amendment. (See generally id.; see also id. Counts I & II.) Plaintiffs request the Court's immediate intervention to prevent irreparable harm to them, including closure of the Company's business, loss of employment and income for the individual Plaintiffs, and loss of revenues to support the Company's 42 employees who depend on salaries from Precision.

Thus, by way of a proposed Order to Show Cause ("OSC"), Plaintiffs have moved pursuant to Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order and a preliminary injunction pending final resolution of this action. (See OSC, ECF No. 2; Support Memo, ECF No. 2-1.) The Court construes the OSC as the Plaintiffs' Injunction Motion.

After the recusal of Judge Gary R. Brown (see Recusal Order, ECF No. 18), on July 6, 2022, Plaintiffs requested a hearing on their Injunction Motion (see ECF No. 19), and Defendants requested a status conference primarily regarding their motion seeking the transfer of this case back to the D.C. District Court (see ECF No. 20; see also Mot. Change Venue, ECF No. 21; Venue Support Memo, ECF No. 22). On July 7, 2022, the Court scheduled a hearing on these matters for today, July 8, 2022, at 10:30 a.m. (See July 7, 2022 Elec. Order.)

Today's hearing considered that branch of Plaintiffs' Injunction Motion requesting a temporary restraining order.[1] Having considered the Plaintiffs' Injunction Motion, together with their Support Memo (ECF No. 2-1), the Support Declaration of Richard P. Donoghue (ECF No. 2-2), as well as the record to date, including the Declaration of Tony (ECF No. 1-5), and having

[1] The Court also considered Defendants' Motion for Change of Venue (see ECF No. 21), which the Plaintiffs oppose (see ECF No. 23); it issued an oral ruling denying that Motion. (See Min. Entry, ECF No. 24.)

conducted a hearing on Plaintiffs' Injunction Motion as to that branch of it seeking a temporary restraining order, the Court finds, for the reasons articulated herein, that Plaintiffs have met their burden of establishing they are entitled to a TRO as described herein. Accordingly, that branch of Plaintiffs' Injunction Motion seeking a temporary restraining order (ECF No. 2) is **GRANTED**; the Court defers ruling on that branch of Plaintiffs' Injunction Motion seeking a preliminary injunction pending additional briefing and a further hearing.

BACKGROUND

Plaintiff Company is a Service-Disabled Veteran-Owned Small Business ("SDVOSB"), founded more than 35 years ago by Thomas, the service-disabled majority owner, and now run by his son, Tony. The Company employs 42 persons on Long Island's Bayshore, New York, in Suffolk County. Over 99% of Precision's $7 million in annual revenues is derived from Government contracts and subcontracts. It manufactures "legacy parts" (i.e., replacement parts) used to replace parts that are decades old. To do so, the Company relies upon Defendant DoD or Defendant DLA to provide Precision with old, sometimes illegible or ambiguous blueprints for Precision to decipher and use in first manufacturing a prototype part for DoD's approval and then, upon approval, building these production parts. In its 35-year existence, Precision alleges it has successfully delivered over 290,000 parts

involving over $87 million in DoD government contract and subcontract awards. It contends it goes to great lengths to ensure that all parts shipped to DoD and DoD prime contractors meet the highest quality standards.

In April 2021, the DLA issued a Notice of Proposed Debarment ("NPD") against Plaintiffs based upon late-delivery grounds. (Plaintiffs assert there are no complaints regarding the high quality of Precision's manufactured parts; nor are there any ethics or integrity concerns.) Despite Plaintiffs' responsive 85-page Presentation of Matters in Opposition ("MIO"); multiple requests for an in-person meeting as required by applicable regulations, but which was not provided; and raising before the DLA material facts as to which Plaintiffs claim there are disputes, thus necessitating a fact-finding hearing that was not held, DLA proceeded to issue its Debarment Decisions in April 2022. It also resulted in Plaintiffs being designated as debarred on SAMS. Thus, as a result of their debarment, Plaintiffs allege they are no longer eligible to bid on and receive Government contracts; in turn Plaintiffs contend they will lose everything they have built over their lives and all of their employees will be left without income to support themselves and families.

Based upon these allegations, Plaintiffs filed the instant Complaint asserting violations of the APA, i.e., the Debarment Decision is arbitrary and capricious, and Plaintiffs'

Fifth Amendment Due Process rights. Additionally, Plaintiffs assert a cause of action for injunctive relief. In their request for injunctive relief, Plaintiffs seek a TRO enjoining Defendants as follows:

1. That Defendants' April 21, 2022 Debarment Decisions against Plaintiffs be vacated and set aside;
2. That Plaintiffs' Debarment status under the System for Award Management ("SAMS") be removed immediately; and
3. That Defendants be enjoined from proposing Plaintiffs for debarment or debarring Plaintiffs while these proceedings are pending.

(See Injunction Motion at 2.)

TEMPORARY RESTRAINING ORDER

I. Applicable Law

In this Circuit the standard for issuing a TRO and a preliminary injunction are the same, although a TRO has at a limited 14-day lifespan, subject to extension for good cause. See Omnistone Corp. v. Cuomo, 485 F. Supp. 3d 365, 367 (E.D.N.Y. 2020); see also Pan Am. World Airways, Inc. v. Flight Engineers' Int'l Ass'n, PAA Chapter, AFL-CIO, 306 F.2d 840, 842 (2d Cir. 1962) ("The purpose of a temporary restraining order is to preserve an existing situation in status quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction."). "A plaintiff seeking a preliminary injunction must establish [1] that

he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 114 (2d Cir. 2006).

II. Application

Having reviewed the Complaint and accompanying exhibits, Plaintiffs' Support Memo, as well as the balance of the record, including Affidavits of Richard P. Donoghue, Esq., and Tony, the Court finds:

1) Plaintiffs have shown a likelihood of success on their claims against Defendants, i.e., that Defendants have violated the APA in issuing their Debarment Decisions without affording Plaintiffs their requested in-person meeting and have failed to hold a fact-finding hearing to consider Plaintiffs' claimed disputes of material facts, and have violated Plaintiffs' Fifth Amendment Due Process Rights for substantially the same reasons;

2) Plaintiffs will suffer immediate irreparable harm unless Defendants are enjoined, since Plaintiffs are precluded from bidding on new government contracts, which contracts comprise approximately 99% of the Company's annual revenue, which in turn will result in the Company

having to lay off its employees and cease operations. (See Tony Decl. ¶¶ 22-27, 30.) Further, Tony, who is now the President of the Company, avers that if the debarment stands he will be ineligible to work in his chosen field of Government contracting for as long as he remains debarred, which will be until May 25, 2024, and that given the stigma attached to a debarment, it is unlikely he will be able to gain meaningful employment working for a government contractor even after the debarment period ends. (See id. ¶¶ 1, 5, 31.) Moreover, loss of good will constitutes irreparable harm. See, e.g., TVC Albany, Inc. v. Am. Energy Care, Inc., No. 12-CV-1471, 2012 WL 5830705, at *6 (N.D.N.Y. Nov. 16, 2012) ("The Second Circuit has recognized that damage to one's business reputation and loss of customer goodwill can constitute irreparable harm.");

3) The balance of the parties' prospective harms, the equities, and the interests of justice and of the public support granting such relief, because the harms to Plaintiffs from the denial of the TRO outweigh the harm to Defendants' interests against granting such an order; and

4) The TRO will not harm the public interest.

CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiffs' Injunction Motion (ECF No. 2) is GRANTED to the extent that a TRO shall issue, and to the extent a preliminary injunction is also sought, the Court defers ruling on that branch of Plaintiffs' Injunction Motion pending further briefing and a hearing. Thus:

As to the TRO, **IT IS HEREBY ORDERED** that:

I. The Defendants are temporarily restrained and enjoined as follows:

A. Defendants' April 21, 2022 Debarment Decisions against Plaintiffs are hereby vacated and set aside;

B. Plaintiffs' Debarment status under SAMS shall be immediately removed; and

C. Defendants shall be enjoined from proposing Plaintiffs for debarment or debarring Plaintiffs while these proceedings are pending; and

II. The Plaintiffs are not required to provide an undertaking in support of the restraining order; and

III. This TRO will expire fourteen (14) days from its entry in accordance with Rule 65(b)(2) of Federal Rule of Civil Procedure unless, for good cause shown, this TRO is extended or Defendants consent to an extension; and

As to the pending request for a preliminary injunction, **IT IS hereby ORDERED** that:

I. The Defendants shall have until July 13, 2022 to file their response memorandum;

II. Plaintiffs shall have until July 15, 2022 to file their reply memorandum, if any; and

III. The Court will hear oral argument on Friday, July 22, 2022, at 9:00 a.m., in Courtroom No. 1030 of the Central Islip Federal Courthouse, located at 100 Federal Plaza, Central Islip, New York, 11722.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July 8 , 2022
Central Islip, New York

Time: 4:45 p.m.