**FILED
CLERK**

4:32 pm, Jul 22,2022

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
PRECISION METALS CORP.,
ANTHONY C. FIGLOZZI, and
THOMAS J. FIGLOZZI,

                Plaintiffs,

  -against-

U.S. DEPARTMENT OF DEFENSE,
LLOYD J. AUSTIN III, in his official
capacity as the Secretary of Defense,
U.S. DEPARTMENT OF THE AIR FORCE,
FRANK KENDALL, in his official
capacity as the Secretary of
the Air Force, DEFENSE LOGISTICS
AGENCY, MICHELLE C. SKUBIC, in her
official capacity as the Director
of the Defense Logistics Agency,
JON L. LIGHTNER, in his official
capacity as the Special Assistant
for Contracting Integrity of the
Defense Logistics Agency, and
THE UNITED STATES OF AMERICA,

                Defendants.
------------------------------------X

**EXTENDED TEMPORARY
RESTRAINING ORDER**
22-CV-3761(JS)(ARL)

APPEARANCES

For Plaintiff:    Richard P. Donoghue, Esq.
                   Todd J. Canni, Esq.
                   Pillsbury Winthrop Shaw Pittman LLP
                   31 West 52nd Street
                   New York, NY 10019

For Defendant:    Christopher A. Eiswerth, Esq.
                   U.S. Department of Justice
                   Federal Programs Branch
                   1100 L Street, NW, Suite 12310
                   Washington, DC  20005

SEYBERT, District Judge:

On July 8, 2022, at 4:45 p.m., the Court issued a Temporary Restraining Order ("TRO") in favor of Plaintiffs Precision Metals Corp., Anthony C. Figlozzi, and Thomas J. Figlozzi (collectively, the "Plaintiffs") temporarily restraining and enjoining the Defendants -- the Department of Defense ("DoD"), acting through Defendants the Secretary of Defense, the Department of Air Force, the Secretary of the Air Force, the Defense Logistics Agency ("DLA"), DLA's Director, and DLA's Special Assistant for Contracting Integrity (i.e., its Suspension and Debarment Official ("SDO")) (hereafter, the "Defendants")) – by ordering:

A. Defendants' April 21, 2022 Debarment Decisions against Plaintiffs be vacated and set aside;

B. Plaintiffs' debarment status under SAM be immediately removed; and

C. Defendants be enjoined from proposing Plaintiffs for debarment or debarring Plaintiffs while these proceedings are pending.

(See TRO, ECF No. 25.)  The Court assumes the parties' familiarity with the factual and procedural background giving rise to the issuance of the TRO, the terms of art defined therein which are incorporated herein, and the Court's findings of Plaintiffs' likelihood of success, suffering of immediate irreparable harm, the balancing of harms to the parties, and the public's interests

2

(see id. at 7-8), which are incorporated herein. To the extent the Plaintiffs also sought a preliminary injunction, the Court scheduled a hearing for July 22, 2022 at 9:00 a.m. (hereafter, the "Hearing"). (See id. at 10.)

At the Hearing, the parties presented their respective arguments in support of and in opposition to the granting of a preliminary injunction. Of note, the Plaintiffs represented that, notwithstanding increased revenues, it is working on extremely thin margins and if injunctive relief is not granted it will be reduced to working with a skeletal work force by the end of the summer. The Court observed that the equities of the matter tip in favor of the Company, as without relief the Company is likely to go out of business.

Further, the Government represented its willingness to conduct an expedited hearing on a motion to reconsider the subject Debarment Decision. As part of that reconsideration process, the Government would engage in a meeting with the Plaintiffs during which the Plaintiffs could present evidence supporting their position that the Company is "presently responsible" and, therefore, in a position to protect the interests of the Government. The Government also represented that it would conduct the reconsideration process in good faith. In light of this proposal, maintaining the status quo provided by the TRO will not unduly burden the Defendants and will afford the Plaintiffs the

3

continued opportunity to bid on government and defense contracts. Moreover, allowing the parties to amicably and expeditiously resolve their dispute is favorable to protracted litigation. Thus, good cause exists to extend the TRO pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure. See generally United States v. Envigo RMS, LLC, No. 6:22-CV-00028, 2022 WL 2195030, at *1 (W.D. Va. June 17, 2022) (finding good cause to extend a TRO where such extension would aid facilitating ongoing settlement negotiations); Credit Bureau Connection, Inc. v. Pardini, No. 10-CV-1202, 2010 WL 3220580, at *3 (E.D. Cal. Aug. 13, 2010) (finding good cause to extend a TRO where the parties were working to finalize the terms of a preliminary injunction).

Accordingly, **IT IS HEREBY ORDERED** that:

A. upon the consent of the Defendants, as stated on the record, the Court's TRO (ECF No. 25) is **extended to September 9, 2022 at 5:00 p.m. (E.S.T.)**; and

B. as stated on the record, the TRO is also intended to provide the Plaintiffs with a JCP certificate and access to export-controlled data during the pendency of the now-extended TRO.

**SO ORDERED.**

/s/   JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July  22 , 2022
       Central Islip, New York

4